STATE of Wyoming, ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Objector–Defendant),

v.

Gerald G. RIVERA, Appellee (Employee–Claimant).

No. 90–18.

Supreme Court of Wyoming.

Aug. 21, 1990.

Joseph B. Meyer, Atty. Gen., and Larry M. Donovan, Sr. Asst. Atty. Gen., for appellant.

George Santini of Graves, Santini & Villemez, P.C., Cheyenne, for appellee.

Before THOMAS, CARDINE, MACY and GOLDEN, JJ.; and ROONEY, J. (RET.).

MACY, Justice.

Appellant State of Wyoming, ex rel. Wyoming Workers' Compensation Division, appeals the district court's decision affirming the grant of benefits to the grandchildren of an employee who received worker's compensation benefits for a permanent total disability.

We affirm.

The Workers' Compensation Division raises the following issues for our review:

I. Whether or not the administrative hearing officer had statutory authority to hear this case.

II. Whether dependent child benefits are an "award" for which timely application must be made.

III. Whether an award of dependent child benefits is barred because of failure to timely file for said benefits.

IV. Whether the administrative hearing officer erred by allowing the surprise hearsay testimony of a deputy county clerk to be used to estop the operation of the statute of limitations.

V. Whether the administrative hearing officer erred by allowing the introduction of parol[ ] evidence to alter or amend a prior court decree.

Appellee Gerald G. Rivera was awarded benefits on August 13, 1981, under the permanent total disability section of the Wyoming Worker's Compensation Act (the Act).[1] Rivera's wife subsequently went to the clerk of court's office and inquired as to whether her grandson and granddaughter, who had been living with her and Rivera since their mother's death, were eligible for benefits as Rivera's dependents. The deputy clerk contacted the Workers' Compensation Division, and an employee of the Workers' Compensation Division informed the deputy clerk that the grandchildren were not eligible for dependent child benefits because they were not Rivera's children. Neither Rivera nor his wife filed a claim for their grandchildren until 1989.

Rivera and his wife adopted their granddaughter in 1988 and filed a claim for dependent child benefits on June 9, 1989. The Workers' Compensation Division objected, claiming that the granddaughter did not meet the Act's definition of a child. The matter was referred to the office of independent hearing officers,[2] and the office established a hearing date.

At the hearing, the hearing officer addressed the issue of whether both grandchildren were entitled to dependent child benefits under the Act. The parties stipulated that the grandchildren met the Act's definition of children if they were substantially dependent upon Rivera. The Workers' Compensation Division contended that the grandchildren were not substantially dependent upon Rivera and that their claim for benefits was barred by the statute of limitations contained in the Act.

The hearing officer concluded that the grandchildren were entitled to benefits as dependents of an injured employee. In his findings of fact, the hearing officer found that the grandchildren had been substantially dependent upon Rivera and his wife from the time of Rivera's injury to the time of the application for dependent child benefits with the exception of a one-year period.

---

1. Chapter 12 of Title 27 (Worker's Compensation, Wyo.Stat. §§ 27–12–101 to –805 (1977)) was repealed in 1986 and recreated as current Chapter 14 (Wyo.Stat. §§ 27–14–101 to –804 (1977)) effective July 1, 1987.

2. The office of independent hearing officers was created during the 1986 special session of the Wyoming Legislature. Effective July 1, 1989, the office of independent hearing officers was changed to the office of independent hearing examiners. Wyo.Stat. § 27–14–602 (1977).

He also found that Rivera's wife had made inquiries about the eligibility of their grandchildren for dependent child benefits after Rivera received an award for a permanent total disability; that the Workers' Compensation Division informed the deputy clerk of court that the grandchildren were not eligible for benefits as they were not the natural or adopted children of Rivera at the time of the injury; and that Rivera relied upon the Workers' Compensation Division's erroneous information and did not file for benefits on behalf of the grandchildren. The hearing officer concluded that he had jurisdiction to award benefits to Rivera's grandchildren; that they were entitled to benefits; that the Act did not contain a statute of limitations which prevented them from receiving benefits; and that, even if the Act did contain an applicable statute of limitations, the Workers' Compensation Division was estopped from denying the grandchildren's benefits because it gave erroneous information to the deputy clerk. Finally, the hearing officer ordered the Workers' Compensation Division to pay benefits to Rivera's grandchildren for the period of time between Rivera's permanent total disability award and the date the grandchildren reach the age of majority, excluding one year.[3] The Workers' Compensation Division appealed the hearing officer's decision to the district court, and the district court affirmed the grant of benefits. This appeal followed.

Our review of a decision by the office of independent hearing officers is controlled by the Wyoming Administrative Procedure Act. Wyo.Stat. § 27–14–602(b) (1977).[4] Wyo.Stat. § 16–3–114(c) (1977) of that act provides:

> To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> (i) Compel agency action unlawfully withheld or unreasonably delayed; and
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute. [Laws 1982, ch. 62, § 3]

■ The Workers' Compensation Division contends that the hearing officer did not have authority to decide this case since the legislature did not create the office of independent hearing officers until after Rivera's injury had occurred.[5] The 1986 version of Wyo.Stat. § 27–14–602 (1977) stated in pertinent part:

> (a) For the purposes of [the Worker's Compensation Act], the office of independent hearing officers is created. * * * An independent hearing officer shall conduct contested cases under this act in accordance with this section. · * * *
>
> (b) If either the division or the employer object to the right of the employee to receive compensation, as to the amount of compensation or to amounts or procedures claimed for medical and health care, or at the request of the employee,

---

**3.** "An employee's claim is governed by the laws in effect at the time of injury." *Shapiro v. State ex rel. Worker's Compensation Division,* 703 P.2d 1079, 1081–82 (Wyo.1985). *See also Seckman v. Wyo–Ben, Inc.,* 783 P.2d 161 (Wyo.1989). At the time of Rivera's injury, the amount of compen-

sation available for dependents was $60 per month. Wyo.Stat. § 27–12–405(c) (1977).

**4.** Amended effective July 1, 1989.

**5.** *See supra* note 2.

the case shall be immediately referred to a hearing examiner who shall set the case for hearing at the earliest opportunity. The case shall be determined by a hearing examiner following the contested case procedures of the Wyoming Administrative Procedure Act. Appeals may be taken from the decision by any party to the contested case to the district court as provided by the Wyoming Administrative Procedure Act. Hearings may be held in any area of Wyoming giving consideration to the convenience of the employee, employer and division. [Laws 1986, Sp. Sess., ch. 3, § 3]

Chapter 5, section 1 of the 1987 Special Session Laws of Wyoming provides in relevant part:

Any worker's compensation claim filed with the clerk of court on or after July 1, 1987 and which is contested, shall be referred to a hearing examiner for disposition in accordance with W.S. 27–14–602 and the provisions of W.S. 27–14–101 through 27–14–804 shall apply to such claims in all respects.

We hold that Rivera's case was properly referred to and adjudicated by a hearing officer because the claim was filed after July 1, 1987.

■ The Workers' Compensation Division asserts that, due to a statute of limitations contained in the Act, Rivera's grandchildren are not entitled to receive dependent child benefits. Without deciding whether Rivera filed his claims in violation of a statute of limitations, we hold that the Workers' Compensation Division is estopped from denying payment of dependent child benefits to Rivera's grandchildren on the basis that Rivera failed to assert the claim in a timely manner. In *Big Piney Oil & Gas Company v. Wyoming Oil and Gas Conservation Commission*, 715 P.2d 557, 560 (Wyo.1986), we stated:

Equitable estoppel should not be invoked against a government or public agency functioning in its governmental capacity, except in rare and unusual circumstances and may not be invoked where it would serve to defeat the effective operation of a policy adopted to protect the public.

Our holding in *Bauer v. State ex rel. Wyoming Worker's Compensation Division*, 695 P.2d 1048 (Wyo.1985), delineates, however, a rare and unusual circumstance in which equitable estoppel operates against a public agency. In that case, the employer, the town of Saratoga, told the employee that she was not entitled to worker's compensation benefits since she was a part-time employee. On the basis of that information, the employee failed to file a claim for benefits in a timely manner.[6] We held:

[T]he employer's misleading statements, although unintentional, were sufficient to constitute estoppel and prevent the employer and the state of Wyoming from invoking the statute of limitations as a defense.

*Id.* at 1053. The principle utilized in *Bauer* is applicable in this case. The record shows that the Workers' Compensation Division provided inaccurate information to Rivera's wife and that Rivera relied upon that information in failing to file a valid claim. Thus, the Workers' Compensation Division is estopped from invoking the statute of limitations as a defense.[7]

---

6. Wyo.Stat. § 27–12–503(a) (1977) provided:

(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation. [Repealed 1986]

7. We recognize that the current version of the Act contains a tolling provision for mistake and fraud and that one of the bases for the *Bauer* decision was the lack of such a provision. Wyo. Stat. § 27–14–605 (1977). At the time of Rivera's injury, the Act did not contain a tolling provision for mistake or fraud. Therefore, regardless of whether the Act has or had a statute of limitations which applies to Rivera's claim, the equitable estoppel analysis used in *Bauer* is controlling. *Seckman*, 783 P.2d 161; *Shapiro*, 703 P.2d 1079 (holding that the laws in effect at the time of an employee's injury govern his worker's compensation claims).

The Workers' Compensation Division also argues that the hearing officer abused his discretion by allowing the testimony of the deputy clerk of court because such testimony was hearsay and because Rivera failed to disclose his intent to call the deputy clerk as a witness until the morning of the hearing. The deputy clerk testified, *inter alia*, that, in accordance with her normal course of business, she contacted one of the Workers' Compensation Division's claims supervisors to ask whether Rivera's grandchildren were eligible for dependent child benefits. She stated that the claims supervisor informed her that Rivera's grandchildren were not eligible for dependent child benefits.

■ We have defined an abuse of discretion as a decision which " 'shocks the conscience of the court and appears so unfair and inequitable that a reasonable person could not abide it.' " *Story v. Wyoming State Board of Medical Examiners*, 721 P.2d 1013, 1018, 59 A.L.R.4th 1089 (Wyo.), *cert. denied* 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986) (quoting *Waldrop v. Weaver*, 702 P.2d 1291, 1293 (Wyo.1985)). In addition, Wyo.Stat. § 16–3–108 (1977) addresses the issue of what evidence may be admissible in an administrative proceeding. That section provides in pertinent part:

> (a) In contested cases irrelevant, immaterial or unduly repetitious evidence shall be excluded and no sanction shall be imposed or order issued except upon consideration of the whole record or such portion thereof as may be cited by any party and unless supported by the type of evidence commonly relied upon by reasonably prudent men in the conduct of their serious affairs. Agencies shall give effect to the rules of privilege recognized by law. Subject to these requirements and agency rule if the interests of the parties will not be prejudiced substantially testimony may be received in written form subject to the right of cross-examination as provided in subsection (c) of this section. [Laws 1982, ch. 62, § 3]

Hearsay evidence is admissible in an administrative proceeding if it satisfies the requirements of § 16–3–108 and is probative, trustworthy, and credible. *Story*, 721 P.2d 1013.

■ The deputy clerk's testimony was not hearsay, however, because it was an admission by a party-opponent under W.R.E. 801(d)(2)(D). That rule states that a statement is not hearsay if it "is offered against a party and is * * * (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." In addition, the Workers' Compensation Division has failed to demonstrate that the deputy clerk's testimony was irrelevant, immaterial, or unduly repetitious in violation of § 16–3–108.

The hearing officer did not abuse his discretion by allowing the deputy clerk to testify despite the fact that the Workers' Compensation Division was not informed of Rivera's intent to call her as a witness until the morning of the hearing. We have previously dealt with the question of whether a court should allow the testimony of a witness who was not listed on the pretrial order. In *Ford Motor Co. v. Kuhbacher*, 518 P.2d 1255, 1260 (Wyo.1974), we stated:

> The listing of the witnesses who would testify at a trial is not only permissible under Rule 16, W.R.C.P., but is desirable and should be encouraged. However, the requirements of adherence to such pretrial orders are within the discretion of the trial court, whose rulings will not be overturned except where there is an abuse of discretion. Courts should generally recognize the binding effect of all matters in the pretrial orders, but this does not mean that there should be rigid or pointless adherence to them in a trial but rather that avoidance of possible hardship to parties and the accomplishment of substantial justice to the merits of claims should be among the factors which the trial court considers.

*See also Caldwell v. Yamaha Motor Co., Ltd.*, 648 P.2d 519 (Wyo.1982). While *Ford Motor Co.* involved an appeal from a trial in a district court, we do not perceive any reason why the same general principle should not apply in this case.

The deputy clerk's testimony was relevant to the merits of Rivera's case because it was the basis for his estoppel claim. According to Rivera's disclosure statement contained in the appendix of the Workers' Compensation Division's appellate brief, the Workers' Compensation Division was cognizant that Rivera would attempt to prove he had relied upon erroneous information provided by the Workers' Compensation Division via the deputy clerk. After the hearing officer decided to allow the deputy clerk's testimony, the Workers' Compensation Division had an opportunity to cross-examine the deputy clerk. It did not seek a continuance, and it did not call a rebuttal witness to refute or impeach the deputy clerk's testimony. Under these circumstances, the Workers' Compensation Division has failed to show that the hearing officer abused his discretion by allowing the deputy clerk to testify.

■ Finally, the Workers' Compensation Division contends that the hearing officer erred by allowing admission of evidence for the possibility of amending or altering the court decree which granted benefits to Rivera for his permanent total disability. The Workers' Compensation Division bases its argument on Rivera's Order of Award, which contains the following statement: "That there were dependent upon said Employee at the time of the accident * * * Wife Virginia, and Son Christopher." The Workers' Compensation Division asserts that evidence of additional dependents is inadmissible parol evidence.

■ Since the parol evidence rule does not apply to judicial decrees, the Workers' Compensation Division's reliance upon the rule is meritless. *See Cordova v. Gosar*, 719 P.2d 625 (Wyo.1986). Further, the Order of Award issued in 1981 does not have a preclusive effect, under the doctrines of *res judicata* and collateral estoppel, upon Rivera's claim for dependent child benefits as the 1981 order did not address the issue of whether Rivera's grandchildren were entitled to those benefits. *See Delgue v. Curutchet*, 677 P.2d 208 (Wyo.1984). The hearing officer did not abuse his discretion when he allowed admission of evidence

demonstrating that Rivera's grandchildren were also Rivera's dependents.

Affirmed.

ROONEY, Justice, Retired, dissenting.

My dissent in this case is for the reasons stated in my dissent in *State of Wyoming ex rel. Wyoming Workers' Compensation Division v. Halstead*, 795 P.2d 760 (1990).

Jurisdiction of the hearing examiner was here contested. As I stated in *Halstead*, the hearing examiner does not have authority to act as an independent judicial officer. An effort to give him such authority would be unconstitutional under the separation of powers doctrine.