In the Matter of The WORKER'S COMPENSATION CLAIM OF Kit N. SUMMERS, an Employee of Amoco Production:

State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellant (Respondent),

v.

Patti Summers, as natural guardian and next friend of Trevor Summers, Chayse Summers, and Annjulea Summers, surviving children of Kit N. Summers, deceased, Appellees (Petitioners).

No. 98–127.

Supreme Court of Wyoming.

Aug. 20, 1999.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Cheyenne, Wyoming, Representing Appellant.

Terry J. Harris of Terry J. Harris, P.C., Cheyenne, Wyoming, Representing Appellees.

Before LEHMAN, C.J., and THOMAS, MACY, and GOLDEN, JJ., and TAYLOR, Ret.J.

TAYLOR, Justice, Retired.

Appellant, the Wyoming Workers' Safety and Compensation Division (the Division), claims the district court erred by reversing the hearing examiner's denial of benefits to appellee, Kit N. Summers (Summers).[1] Finding that Summers supported his claim sufficiently under the statute in effect at the time of his injury, and that the Division did not raise issues of timeliness prior to appeal, we affirm the order of the district court reversing the denial of benefits.

## I. ISSUES

The issues raised by the Division are:

The Employee filed his injury report nearly three years after receiving a definite diagnosis, and he submitted no evidence to disprove prejudice to the Division.

  A.  Does substantial evidence support a denial of benefits because of the untimely injury report?

The Hearing Examiner improperly applied the mental injury exclusion of the Act instead of the Court's pre-exclusion decisions.

  B.  Does substantial evidence support a denial of benefits under the Court's pre-exclusion decisions?

The district court apparently ruled that benefits "should be awarded" and remanded for a determination of the amount of benefits.

  C.  In the alternative, should this Court remand to let the Hearing Examiner consider the Employee's eligibility for benefits under the proper standard?

Summers states these issues:

*Issue 1:*  Did the Wyoming Office of Administrative Hearings (OAH) act other than in accordance with Wyoming workers' compensation law when it entered its September 19, 1997 final order, retrospectively applying post-July 1, 1994 provisions of the Wyoming Workers' Compensation Act, to deny Appellee Kit N. Summers' request for *Wyoming* workers' compensation benefits for his panic disorder arising out of his employment with Amoco Production?

*Issue 2:*  Did Summers' [sic] timely file his claim for compensation?

*Issue 3:*  Is the Division to be allowed to raise, for the first time on appeal, its timely "reporting" issue, given the fact that the Division failed to properly raise that issue in its *Final Determination* actually referred to the OAH, and in the underlying contested case proceeding before the OAH?

## II. FACTS

Summers began working for Amoco Production Company (Amoco) in 1980. He held progressively more responsible positions, culminating in his promotion to Process Foreman at Amoco's Whitney Canyon processing plant in 1991 or 1992. Following that promotion, Amoco combined the functions of plant operations and plant maintenance, significantly increasing Summers' responsibilities. Amoco also transferred many of Summers' most experienced subordinates to another plant, further increasing his work load. Summers was essentially doing work that was previously done by up to five individuals.

On December 13, 1993, Summers sought psychiatric treatment from Dr. Heinbecker for stress-related disorders. Dr. Heinbecker diagnosed panic disorder, and continued to treat Summers until October 22, 1996. Summers' last day of work at the Whitney Canyon plant was in February of 1994, although he continued to work for Amoco from his home and other locations. Amoco terminated Summers on June 14, 1994.

1.  Pursuant to the Notice of Appellee Kit N. Summers' Death, counsel for Summers notified this Court that Summers died on January 13, 1999. On August 10, 1999, counsel submitted a Motion to Substitute Parties, and on August 19, 1999, this Court entered an Order Granting Motion to Substitute Party Appellee, naming, as appellees, Patti Summers, as natural guardian and next friend of Trevor Summers, Chayse Summers, and Annjulea Summers, surviving children of Kit N. Summers, deceased.

On May 31, 1996, Summers filed a Wyoming Report of Occupational Injury or Disease. The Division responded with a letter requesting more information and medical records. On July 26, 1996, the Division issued a Final Determination denying Summers' claim because Summers had provided neither medical records nor a valid explanation for the late filing of the claim. Summers submitted a written request for a hearing on August 12, 1996. On August 27, 1996, the Division referred the matter to the Office of Administrative Hearings (OAH) for a hearing on "Denial of compensability of case." That same day, the Division issued a second Final Determination denying Summers' claim because it found there was "no specific incident or incidents that would determine that this is directly a work related injury."

On December 30, 1996, the OAH issued an order setting the hearing for April 25, 1997. The order stated that "[t]he issues to be heard and the matter asserted are contained in the objections and reasons therefore, filed with the Office of the Clerk of the District Court, Uinta County, Evanston, Wyoming." Unfortunately, no such document is to be found in the record. The hearing took place in two parts on April 25 and May 23, 1997.

The OAH issued its Findings of Fact and Conclusions of Law and Order Denying Benefits on September 19, 1997. The hearing examiner reasoned that the case should be decided based on the law in effect at the time Summers filed his claim, rather than the law in effect at the time his condition was diagnosed. Summers appealed to the district court, which reversed the denial and remanded the case to the OAH for reconsideration. The Division filed a timely notice of appeal to this Court.

### III. STANDARD OF REVIEW

Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999) provides our standard of review for agency decisions:

(c) * * * The reviewing court shall:

* * *

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

* * *

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We afford no deference to the decision of the district court; rather, we consider the case as if it had come directly to us from the agency. *State ex rel. Wyoming Workers' Compensation Div. v. Harris*, 931 P.2d 255, 258 (Wyo.1997). We will not disturb an agency's finding of fact unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994). Agency conclusions of law are affirmed only if they are in accord with the law. *Matter of Corman*, 909 P.2d 966, 970 (Wyo.1996).

### IV. DISCUSSION

Both Summers and the Division agree that the hearing examiner erred in applying the statute in effect at the time of filing rather than the one in effect when Summers' disorder was diagnosed. Instead of upholding the decision based on the hearing examiner's reasoning, the Division urges us to uphold the denial of benefits for lack of sufficient evidence and untimely filing.

#### A. Sufficient Evidence

The Wyoming worker's compensation statute erroneously applied by the hearing examiner excludes from coverage "[a]ny mental injury unless it is caused by a compensable physical injury, it occurs subsequent to or simultaneously with, the physical injury * * *." Wyo. Stat. Ann. § 27–14–102(a)(xi)(J) (Michie Cum.Supp.1995). However, when Dr. Heinbecker diagnosed Summers' disorder in 1993, there was no such exclusion. At that time, a worker could recover for mental injuries developing gradually without an accompanying physical injury. *Graves v. Utah Power & Light Co.*, 713 P.2d 187, 193 (Wyo.1986). To collect benefits for

such an injury, the worker was required to "show that the injury was caused by workplace stress of a greater magnitude than the day-to-day mental stresses experienced by other workers employed in the same or similar jobs." *Id.* at 193.

■ Because the hearing examiner assumed the *Graves* standard was inapplicable, he did not specifically determine whether Summers' injury was caused by greater stress than that experienced by others in similar jobs. However, he did make separate findings that we can combine to answer that question. The hearing examiner found that Summers "was attempting to handle responsibilities which previously had been handled by up to as many as 5 different individual supervisors." He further found that as process foreman, Summers was "actually shouldering much more responsibility than his predecessor, 'nervous' Curtis." In addition, the hearing examiner said "[f]rom both the medical and lay evidence presented, the Office concludes that at least some of Summers' mental problems including his panic disorder arose out of the work effort associated with Summers' job responsibilities as Process Foreman at the Whitney Canyon plant site." Taken together, these findings reveal that Summers was under greater stress than others in similar jobs, which led to his mental injury. Therefore, his injury is a compensable one under the appropriate law.

## B. Timeliness

The Division next contends that Summers' claim is barred because he did not comply with the requirements of Wyo. Stat. Ann. § 27–14–502 (Michie Repl.1991):

(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall report the occurrence and general nature of the accident to the employer and within ten (10) days after the injury became apparent, file the report in the office of the clerk of court of the county in which the accident occurred. Within one (1) working day after receipt of the employee's report, the clerk shall transmit a copy of the report to the division and the employer. If the injured

employee is physically unable to comply, a personal representative of the employee, his dependents or a personal representative of the dependents in case of death shall make and file the report. The report shall contain information prescribed by rules and regulations of the director.

\* \* \*

(c) Failure of the injured employee, any dependent or personal representative to report the accident to the employer and to file the report with the clerk of court in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the accident and in monitoring medical treatment.

The Division argues that Summers' injury became apparent on December 13, 1993, when Dr. Heinbecker diagnosed it. It reasons that because Summers did not file his claim within ten days after the diagnosis, and presented no evidence that the Division was not prejudiced by the late filing, his claim is barred by the statute.

■ Anticipating Summers' argument that timely reporting cannot be raised for the first time on appeal, the Division contends that it is a jurisdictional issue, and therefore is appropriately raised at any time. In support of that position, the Division cites *Seckman v. Wyo–Ben, Inc.*, 783 P.2d 161, 167–68 (Wyo.1989). The Division is correct in its assertion that while W.R.A.P. 12.09 generally confines review to the issues set forth in the petition and raised before the agency, jurisdictional issues may be considered at any time. *Gookin v. State Farm Fire and Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo.1992). However, it looks in vain to *Seckman* for the proposition that timely reporting in accordance with Wyo. Stat. Ann. § 27–14–502 is a prerequisite to subject matter jurisdiction. In that case, we said timely filing of a claim within the statute of limitations set forth in Wyo. Stat. Ann. § 27–12–503 (Michie 1977) (replaced by Wyo. Stat. Ann. § 27–14–503) was a prerequisite to subject matter jurisdiction, but we said nothing about Wyo. Stat.

Ann. § 27–14–502. *Seckman*, 783 P.2d at 166–67.

Summers does indeed argue that the Division's timeliness claim cannot be raised on appeal for the first time, and further contends that Wyo. Stat. Ann. § 27–14–502 reporting is not a jurisdictional issue. Summers relies on a recent decision in which this Court refused to consider a Wyo. Stat. Ann. § 27–14–502 matter raised for the first time on appeal. *Matter of Zielinske*, 959 P.2d 706, 710 (Wyo.1998). His reliance is misplaced, however, because that holding addressed only whether the time for the claimant to report an injury was tolled by the employer's failure to file its own injury report. *Id.* at 710. Holding the matter was neither jurisdictional nor fundamental, we declined to reach it, but did not specifically state, as Summers implies, that all Wyo. Stat. Ann. § 27–14–502 matters are non-jurisdictional. In truth, nothing in the statute itself or our decisions thereunder states that Wyo. Stat. Ann. § 27–14–502 reporting is, or is not, a prerequisite to subject matter jurisdiction.

■ The above-cited language of Wyo. Stat. Ann. § 27–14–502(c) provides some insight into the purpose of the statute. It suggests that timely reporting is required to allow the employer and the Division an opportunity to investigate the accident or injury and monitor medical treatment. This purpose, while important, is not related to jurisdiction. Therefore, we hold as a matter of law that timely reporting under Wyo. Stat. Ann. § 27–14–502 is not a prerequisite to subject matter jurisdiction.

The Wyoming legislature has provided this guidance for interpretation of worker's compensation legislation:

(b) It is the intent of the legislature in creating the Wyoming worker's compensation division that the laws administered by it to provide a worker's benefit system be interpreted to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers who are subject to the Worker's Compensation Act. It is the specific intent of the legislature that benefit claims cases be decided on

their merits and that the common law rule of "liberal construction" based on the supposed "remedial" basis of workers' benefits legislation shall not apply in these cases. The worker's benefit system in Wyoming is based on a mutual renunciation of common law rights and defenses by employers and employees alike. Accordingly, the legislature declares that the Worker's Compensation Act is not remedial in any sense and is not to be given a broad liberal construction in favor of any party.

Wyo. Stat. Ann. § 27–14–101(b) (LEXIS 1999). While this Court may no longer interpret worker's compensation statutes in favor of coverage, we will interpret them in a way that gives effect to the legislative intent and preserves the historic compromise between workers and employers. If the Division can "lay in the grass" and try out theories one by one as it did here, the compromise would be broken.

## V. CONCLUSION

In its final decision letter of August 27, 1996, the Division said it denied Summers' claim because it was not work related. At the administrative hearing, the Division presented neither opening or closing arguments, nor did it present any witnesses or other evidence. Thus, the timely reporting question was never at issue until the appeal to the district court. While Wyo. Stat. Ann. § 27–14–502(c) clearly gives a late-filing claimant the burden to show that the Division and the employer were not prejudiced by the delay, the party opposing coverage must assert the issue or it is waived.

The decision of the district court reversing the denial of benefits is affirmed.