2002 WY 84

Irene Aaker **APPLEBY**, Appellant (Petitioner),

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION**, Appellee (Respondent).

No. 00–273.

Supreme Court of Wyoming.

June 5, 2002.

David A. Drell of Vlastos, Brooks, Henley & Drell, P.C., Casper, Wyoming, Representing Appellant.

Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; David L. Delicath, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Irene Aaker Appleby (Appleby) challenges a decision by the Appellee Department of Employment Workers' Safety and Compensation Division's (Division) Internal Hearing Unit (IHU) that she did not file a timely request for hearing from the Division's final determination denying benefits. Before the IHU, Appleby contended that the Division was equitably estopped from denying her a contested case hearing for failure to timely file, and the hearing examiner for

the IHU initially agreed with that contention and recommended a contested case hearing. The Division objected to that recommendation, and the matter was referred to the Interim Director of the Department of Employment (Director) who concluded that equitable estoppel did not apply, and denied Appleby a contested case hearing.

[¶ 2] We reverse and remand for a contested case hearing before the appropriate hearing authority, either the Office of Administrative Hearings or the Medical Commission, in accordance with Wyo. Stat. Ann. § 27–14–601(k)(v).

## ISSUES

[¶ 3] Appleby presents these issues for our review:

1. Whether the Final Agency Order issued by the Interim Director of the Department of Employment, State of Wyoming rejecting the Hearing Officer's Report and Recommended Findings of Fact, Conclusions of Law, and Order dated December 14, 1999 was arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law.

2. Whether the July 19, 2000 Order Affirming Agency Decision of the Seventh Judicial District was arbitrary, capricious, and an abuse of discretion and otherwise not in accordance with law.

The Division rephrases the issues:

I. Does equitable estoppel excuse Appellant's failure to file a timely objection to the Division's final Determination?

II. Did Appellant establish all the elements of her claim for equitable estoppel?

## FACTS

[¶ 4] Appleby has been a checker for Safeway for twenty-five years. While performing those duties, Appleby began to experience aching wrists and arms and sought medical attention. She was treated conservatively and continued to work. In April of 1999, her doctors informed her that she would need surgery and would miss twelve to fourteen weeks of work. Her medical insurer informed her that worker's compensation benefits were available, and Appleby filed an injury report. In the small box on the report form that asked for date of injury, Appleby wrote October 26, 1998. In the small box asking time of injury and time of shift, Appleby wrote "n/a."

[¶ 5] On April 20, 1999, the Division issued its final determination letter informing her it had denied benefits for these reasons:

Your claim for benefits was not filed within the statute of limitations pursuant to Wyoming Statute 27–14–503(a).

The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his/her claim arose out of and in the course of his/her employment and to prove by a preponderance of evidence that:

a. There is a direct causal connection between the condition or circumstances under which the work is performed and the injury.

b. The injury can be seen to have followed as a natural incident of the work as a result of the employment.

c. The injury can fairly be traced to the employment as a proximate cause.

d. The injury does not come from a hazard to which employees would have been equally exposed outside of the employment.

e. The injury is incidental to the character of the business and not independent of the relation of employer and employee. (Wyoming Statute 27–14–603(a)).

Definition of injury does not include: Any injury resulting primarily from the natural aging process or from the normal activities of day-to-day living, as established by medical evidence supported by objective findings. (Wyoming Statute 27–14–102(a)(xi)(G)).

The burden is on the claimant to prove each essential element of his or her claim by a preponderance of the evidence.

Either the injured worker or the employer may object to this determination and request a hearing. Affected parties have a right to a hearing before a hearing examiner as provided by the Wyoming Workers'

Compensation Act and to legal representation. We must receive a written request, stating your reason(s) for objecting on or before 5-14-99. If a timely written request for hearing is not filed with this division, the final determination by the Division pursuant to W.S. 27-14-601(k) shall not be subject to further administrative or judicial review.

If there are any questions, please contact me at (307)777-5677.

The letter was signed by the claims analyst. Appleby had not filed a claim before, and, before the May 14, 1999, deadline passed, Appleby's husband called the claims analyst and asked why benefits had been denied. According to Mr. Appleby, the claims analyst explained that October 26, 1998, was a significant date, and while the final determination could be appealed, it would be useless because the October 26, 1998, date meant that it was filed too late to be approved. The claims analyst testified that he did recall speaking with Mr. Appleby on one occasion, but did not specifically recall this conversation. He guessed that he would have explained the need for an appeal. During examination at the hearing, the claims analyst admitted that he handles several hundred cases at any given time and spends a great deal of time on the phone answering questions similar to those posed here. He stated that he would have explained to Appleby that the Division's rationale for denying benefits here was essentially that her injury report was untimely, and her injury was a pre-existing condition.

[¶ 6] On September 8, 1999, the Division received Appleby's written request for a hearing. The Division sent her notice that she was no longer entitled to a hearing because her response was late; however, she could object to the finding that her response was late and request a hearing only on that particular determination. Appleby did request a hearing, and the matter was set before the IHU.

[¶ 7] The IHU's hearing examiner heard evidence from both Appleby and the claims analyst concerning statements made during the telephone conversation. Appleby testified that the claims analyst informed her

agent that it would be fruitless to request a hearing because her injury report was untimely. Based on this conversation, Appleby did not request a hearing by the deadline. After the deadline had passed, Appleby consulted an attorney who requested a hearing on the final determination's denial of benefits. The hearing examiner concluded that the claims analyst's misleading statement regarding the futility of Appleby's objection to the final determination, although unintentional, was sufficient to constitute estoppel and prevent the Division from invoking untimeliness as the basis for denying a hearing. The hearing examiner cited *Bauer v. Workers' Compensation Div.*, 695 P.2d 1048, 1053 (Wyo.1985), as authority for this conclusion.

[¶ 8] The Director reversed and issued a final order that made credibility determinations and concluded that equitable estoppel principles did not apply to the particular facts of the case. The Director ruled that Appleby's request for a contested case hearing on the final determination must be denied as untimely. On review by the district court, that court determined that by statutory amendment an equitable estoppel defense was no longer available to a claimant, and the district court affirmed the Director's final order. This appeal followed.

## DISCUSSION

*Standard of Review*

[¶ 9] When reviewing an administrative order, we are not compelled to accept any of the conclusions reached by the district court, and will review the case as if it had come directly to this Court from the agency. *Howton v. State ex rel. Wyo. Worker' Comp. Div.*, 899 P.2d 869, 870 (Wyo.1995). Although W.R.A.P. 12.09 generally confines review to the issues set forth in the petition and raised before the agency, jurisdictional issues may be considered at any time. *Wyo. Workers' Comp. Div. v. Summers*, 987 P.2d 153, 156 (Wyo.1999).

The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Conclusions of law made by an

administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.

*Wright v. State ex rel. Wyoming Worker' Safety and Compensation Div.*, 952 P.2d 209, 211 (Wyo.1998) (citations omitted).

[¶10] Our well-established rules of statutory interpretation were recently summarized to be:

We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute, we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*. If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.

*Wyo. Dept. of Transportation v. Haglund,* 982 P.2d 699, 701 (Wyo.1999) (citations and quotations omitted).

*Wyo. Stat. Ann. § 27–14–601(k)*

[¶11] Any interested party may request a hearing before a hearing examiner on the final determination of the Division by filing a written request for hearing with the Division within fifteen days after the date the notice of the final determination was mailed by the Division. Wyo. Stat. Ann. § 27–14–601(k)(iv) (LexisNexis 2001). If timely written request for hearing is not filed, the final determination is not subject to further administrative or judicial review. Wyo. Stat. Ann. § 27–14–601(k)(vi) (LexisNexis 2001). That does not mean, however, that the Division's determination on the timeliness of a request for hearing is not reviewable. *Sheneman v. Div. of Workers' Safety and Comp.,* 956 P.2d 344,

351 (Wyo.1998). Indeed, *Sheneman* went on to review such a timeliness decision.

[¶12] The term "final determination" has a specialized meaning under subsection 601(k), which states:

(k) Determinations by the division pursuant to this section and W.S. 27–14–605 shall be in accordance with the following:

(i) The initial review of entitlement to benefits pursuant to subsections (a) and (e) of this section shall be made by the division within fifteen (15) days after the date the injury report or claim is filed. Following initial review, the division shall issue a final determination or if a final determination cannot be made based upon available information at that time, the division may issue a request for additional information as necessary;

(ii) Following issuance of a request for additional information under paragraph (k)(i) of this section, the division shall investigate the matter and issue its final determination within forty-five (45) days after issuing the request;

(iii) Notice of a final determination issued by the division under this subsection shall include a statement of reasons and notice of the right to a hearing;

(iv) Any interested party may request a hearing before a hearing examiner on the final determination of the division by filing a written request for hearing with the division within fifteen (15) days after the date the notice of the final determination was mailed by the division. If the division has not rendered a final determination within sixty (60) days following the date the claim was filed, any interested party may request a hearing before a hearing examiner in the manner prescribed by this paragraph. If the written request for hearing is sent to the division by certified or registered mail, postage prepaid, return receipt requested, proof of such mailing within the time provided by this subsection with a receipt signed by an agent of the state of Wyoming shall be presumed to be timely filing of the request with the division;

(v) Upon receipt of a request for hearing, the division shall immediately provide

notice of the request to the appropriate hearing authority as determined pursuant to W.S. 27–14–616[.]

Wyo. Stat. Ann. § 27–14–601(k) (LexisNexis 2001).

[¶ 13] Following the Division's initial review of entitlement to benefits, this section directs that the Division must issue a "final determination" that includes a statement of reasons and notice of the right to hearing. Thus, we see that the term "final determination" is not used generally, but, under this statutory section, refers specifically to the written letter stating the Division's decision about a claimant's entitlement to benefits, its statement of reasons, and its notice of hearing. Because "final determination" is a term for the Division's written letter responding to a claim, its use in subsection 601(k)(vi) does not preclude review of the Division's decision that a request is timely. Should that review affirm the untimeliness decision, however, the "final determination," meaning the written letter stating the reasons why the claimant is not entitled to benefits and a notice of hearing, is not subject to further review.

*IHU Jurisdiction*

[¶ 14] The novel question in *Sheneman* was whether the Division had authority to establish the IHU to determine the correctness of the Division's decision that claimant's request for a hearing is untimely. *Sheneman*, 956 P.2d at 351. The IHU is a creature of Division rules, specifically, Chapter 1, Sections 4, 5, and 6. *Id.* at 350; Dep't of Employment, Wyoming Workers' Safety and Compensation Div., Rules and Regulations (Oct.1999). In *Sheneman*, a final determination was issued to Scheneman denying benefits for a coronary condition because he had failed to provide proper documentation of his condition. *Id.* at 346–47. The final determination provided a date by which Scheneman had to object and request a hearing. Several days after that deadline had passed, Scheneman's request for hearing was received by the Division, and the Division issued a notice of late response. From his objection to that notice of late response, the Division granted Scheneman a hearing before its IHU. *Id.* at 347. The IHU hearing officer made recom-

mended findings of facts and conclusions of law that determined the Division had properly advised Scheneman of all deadlines and had properly computed those deadlines. Based on these conclusions, Scheneman's request for hearing was ruled untimely, and the final determination was not subject to further administrative or judicial review. *Id.* at 347–48.

[¶ 15] On appeal, we determined that, where the statute prohibited review of a final determination before either the OAH or the Medical Commission when the request for hearing was untimely, the Division did have statutory authority to promulgate rules and regulations creating the IHU to review processing decisions that a request for hearing was untimely. *Id.* at 349–50. In *Sheneman*, the IHU's jurisdiction over the procedural aspect of processing a claim was distinguished from a claimant's substantive right to a contested case hearing before the OAH or the Medical Commission that is fixed at the time of injury. *Id.* at 351. Although the statute terminated Scheneman's substantive right to a contested case hearing on the denial of benefits, we held that IHU's jurisdiction over the preliminary processing issue did not adversely affect his rights. *Id.* at 351. This Court then went on to review whether substantial evidence supported the IHU's decision that Scheneman's request for hearing was untimely. *Id.* Thus, *Sheneman* is clear, the IHU has jurisdiction over the procedural matter of whether a request for hearing was untimely.

[¶ 16] *Sheneman* addressed the issue of what process is due when a claimant contends that the Division has wrongly determined that a request for hearing was untimely. The Workers' Compensation Act (Act) and the Wyoming Administrative Procedure Act (WAPA) require that no determination or award be final without notice, an opportunity for hearing and judicial review. Wyo. Stat. Ann. § 27–14–606 (LexisNexis 2001); Wyo. Stat. Ann. § 16–3–114 (LexisNexis 2001); Wyo. Stat. Ann. § 16–3–101(b)(ii) (LexisNexis 2001). Our jurisprudence requires that

[b]oth general due process considerations of fairness and specific statutory restric-

tions directly limit the manner in which an agency may exercise its designated responsibilities. Additional restrictions are imposed by the often stated principle that an agency enjoys only those powers which the legislature has expressly conferred and the corollary rule of construction that statutes under which an agency purports to exercise a doubtful power must be strictly construed against the exercise of that power. *Jackson v. State ex rel. Wyoming Workers' Compensation Div.*, 786 P.2d 874, 878 (Wyo. 1990) (citations omitted).

[¶ 17] *Sheneman* recognized the IHU jurisdiction over the specific facts in that case. It made no determination that the IHU had jurisdiction beyond determining whether the Division had properly advised of and computed deadlines before rejecting as untimely a request for a contested case hearing on a final determination denying benefits. The issue before us is, therefore, whether, considering all statutory and due process requirements, the IHU has subject matter jurisdiction over the issue of equitable estoppel.

[¶ 18] Subject matter jurisdiction is an issue that this Court may raise upon its own motion. *Summers*, 987 P.2d at 156. In this case, Appleby conceded that her request for hearing was untimely, but contended that the Division was equitably estopped from denying her a contested case hearing on the final determination. Equitable estoppel is a tort doctrine that requires proof of misrepresentation. *B & W Glass v. Weather Shield Mfg.*, 829 P.2d 809, 813 (Wyo.1992). Generally, the doctrine is considered a rule of substantive law. *Blais v. Allied Exterminating Co.*, 198 W.Va. 674, 482 S.E.2d 659, 662 (1996) (collecting cases). This Court has repeatedly applied equitable estoppel in the workers' compensation benefits context, and subject matter jurisdiction does exist for its determination by a contested case hearing. *Bauer*, 695 P.2d at 1050–53; *Wyo. Workers' Comp. Div. v. Barker*, 978 P.2d 1156, 1160–61 (Wyo.1999); *Wyo. Worker's Comp. v. Rivera*, 796 P.2d 447, 450–51 (Wyo.1990). *Sheneman* recognized the IHU's jurisdiction to insure claims processing; however, that recognition does not extend to determining issues involv-

ing rules of substantive law such as equitable estoppel, which the Act requires to be heard by contested case proceeding. *See* Wyo. Stat. Ann. § 16–3–101(b)(ii) (LexisNexis 2001) (defining "contested case" as a proceeding in which legal rights are required by law to be determined by an agency after an opportunity for hearing). The IHU does not have subject matter jurisdiction to determine rights under the substantive legal doctrine of equitable estoppel.

*Equitable Estoppel*

[¶ 19] Having decided that IHU jurisdiction does not extend to equitable estoppel, the developed record on this issue does permit us to examine whether, as a matter of law, those legal principles would apply to the facts in this case. We have recognized that estoppel is available against a governmental agency for the unintentional, misleading statement of its representative. *Barker*, 978 P.2d at 1159–61; *Bauer*, 695 P.2d at 1050–53. Equitable estoppel may be invoked to prevent strict application of both the workers' compensation statute of limitations and its accident report requirement. *Id.* at 1053. If a valid claim is lost because of some action by the employer or the insurance provider (here the state of Wyoming) reasonably relied upon by the employee to her detriment, relief should be granted. *Id.* at 1052.

[¶ 20] *Bauer* and *Barker* both applied equitable estoppel after the employer provided erroneous information that coverage was not available. In another case, equitable estoppel applied because the Division erroneously informed a court clerk calling on behalf of a claimant's wife that coverage was not available. *Rivera*, 796 P.2d at 450. In this case, Appleby had written notice that a hearing was available to her upon written request stating her reasons for objecting to the denial of benefits. The question thus arises whether, as a matter of law, a claimant's reliance upon verbal representations rather than the written notice can ever be reasonable.

[¶ 21] In this case, we find Appleby's reliance reasonable because the final

determination erroneously applied two statutes and because its provided reasons, stated in the most technical fashion, encouraged the claimant to seek a telephone explanation. Wyo. Stat. Ann. § 27–14–601(j) (LexisNexis 2001) states (emphasis added):

> *Notice to any employee* or his dependents under this section of a final determination by the division *denying the compensability of an initial injury,* a claim for medical or hospital care for which the employee or his dependents may be liable for payment or denying any impairment, disability or death benefit, *shall include reasons for denial* and a statement of the employee's or his dependents' rights to a hearing before a hearing examiner as provided by this act and to legal representation.

[¶ 22] Arguably, the final determination's statutory quotations satisfy the legislature's intent and can be classified as "reasons for denial;" however, to then require that the claimant state her reasons for disagreeing with them goes beyond the strictures of subsection 601(k). The final determination's requirement that Appleby provide a reason for objecting is not authorized by statute. The relevant subsection states in pertinent part:

> (iv) Any interested party may request a hearing before a hearing examiner on the final determination of the division by filing a written request for hearing with the division within fifteen (15) days after the date the notice of the final determination was mailed by the division.

Wyo. Stat. Ann. § 27–14–601(k)(iv) (LexisNexis 2001). Plainly, this section does not require that a claimant state reasons for objecting in order to secure the hearing. Similar language is used in subsections 601(j) and 601(k)(vi). The Division is without authority to require a claimant to provide a reason for objecting to the determination in a written request for hearing.

[¶ 23] But having done so in this case, it must have been expected that a claimant would call the listed telephone number and seek an understandable explanation. Indeed, the claims analyst testified that he spent a great amount of time responding to these types of telephone inquiries. Here,

Appleby testified that she did not understand her final determination and naturally her representative called the phone number listed and was informed that the final determination was telling her that she had not filed on time and she had a pre-existing condition. At that point, it was reasonable for Appleby to believe that she did not have any reason for objecting to the denial of benefits, which would permit her to request a hearing.

[¶ 24] We found one other error in applying a statute in the final determination, and mention it because it shows that Appleby's request for hearing would not have been "futile" as she was advised by the claims analyst. The final determination stated that "[y]our claim for benefits was not filed within the statute of limitations pursuant to Wyoming Statute 27–14–503(a). Subsection 503(a) states:

> A payment for benefits involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time shall not be made unless in addition to the proper and timely filing of the injury reports, an application or *claim for benefits is filed within one (1) year after the date the injury occurred* or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The injury report is not a claim for benefits.

Wyo. Stat. Ann. § 27–14–503(a) (LexisNexis 2001) (emphasis added). The final determination made this statement based on information in the injury report that Appleby completed. In that injury report, Appleby stated that her date of injury was October 26, 1998. Her claim for benefits was filed on April 12, 1999, less than a year later. We see no reasonable basis for the Division's final determination to have stated this as a reason for denial of benefits, and no reasonable basis for the claims analyst to have relied upon it either when he wrote the letter of final determination to Appleby, or when he explained the timing problem over the telephone to Appleby's representative.

[¶ 25] Based on this analysis, it would appear that the Division is estopped from asserting as a defense that Appleby's request for hearing is denied. The Division con-

tends, however, that, by statutory amendment, equitable estoppel is a common law defense that is no longer applicable to workers' compensation cases. In 1994, the legislature amended Wyo. Stat. Ann. § 27–14–101 by adding subsection (b), which provides:

(b) It is the intent of the legislature in creating the Wyoming worker's compensation division that the laws administered by it to provide a worker's benefit system be interpreted to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers who are subject to the Worker's Compensation Act. It is the specific intent of the legislature that benefit claims ·cases be decided on their merits and that the common law rule of "liberal construction" based on the supposed "remedial" basis of workers' benefits legislation shall not apply in these cases. *The worker's benefit system in Wyoming is based on a mutual renunciation of common law rights and defenses by employers and employees alike.* Accordingly, the legislature declares that the Worker's Compensation Act is not remedial in any sense and is not to be given a broad liberal construction in favor of any party.

1994 Wyo. Sess. Laws, Ch. 86 § 2 (emphasis added).

[¶ 26] The Workers' Compensation Act (Act) must be interpreted as implementing Wyo. Const. Art. 10, § 4 which in relevant part states that "[t]he right of each employee to compensation from the fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death." We have recognized that by this provision and the Act workers do not have a cause of action against employers but are assured of benefits for compensable injuries. "The traditional tort recovery, with its essential elements and historical defenses, was replaced by a state-administered industrial insurance program that required no showing of fault." *Mills v. Reynolds*, 807 P.2d 383, 389 (Wyo.1991). *See also Anderson v. Solvay Minerals, Inc.*, 3 P.3d 236, 240 (Wyo.2000).

[¶ 27] We have previously interpreted Wyo. Stat. Ann. § 27–14–101(b) and determined that the Legislature has specifically renounced any rule affording liberal construction to workers' compensation statutes, and our statutory interpretations must be reached without the assistance of any presumption in favor of coverage. *State ex rel. Wyo. Workers' Safety and Comp. Div. v. Sparks*, 973 P.2d 507, 510 (Wyo.1999). We interpret both the constitutional provision and the statutory scheme in a way that gives effect to the lawmakers' intent and preserves the historic compromise between workers and employers. *Summers*, 987 P.2d at 157. We also interpret the statute as intending to "assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers." Wyo. Stat. Ann. § 27–14–101(b) (LexisNexis 2001). In interpreting subsection 101(b), the risk of loss is placed on industry rather than on the individual employee. *Casper Oil Co. v. Evenson*, 888 P.2d 221, 227 (Wyo.1995).

[¶ 28] In interpreting the Act, we have applied equitable estoppel against the Division, saying:

Equitable estoppel should not be invoked against a government or public agency functioning in its governmental capacity, except in rare and unusual circumstances and may not be invoked where it would serve to defeat the effective operation of a policy adopted to protect the public.

Our holding in *Bauer v. State ex rel. Wyoming Workers' Compensation Division*, 695 P.2d 1048 (Wyo.1985), delineates, however, a rare and unusual circumstance in which equitable estoppel operates against a public agency.

*Rivera*, 796 P.2d at 450 (quoting *Big Piney Oil & Gas Co. v. Wyo. Oil & Gas Conservation Comm'n*, 715 P.2d 557, 560 (Wyo.1996)). Plainly, we have determined that equitable estoppel arises and is permitted under the Act. As recently as 1999, we rejected the Division's assertion that statutory language rendered obsolete our rationale for the application of equitable estoppel doctrine. *Barker*, 978 P.2d at 1160. Nothing indicates

that by eliminating the liberal construction rule and mandating the "quick and efficient delivery" of benefits, the legislature intended to change the equitable estoppel that this Court has applied under the Act since 1985. The Division's proposed interpretation would actually impede the legislative intent, and although we need not decide it, it is not likely that Art. 10 § 4 would permit such a statutory amendment.[1] Our rules of statutory interpretation require that we, in seeking legislative intent, must find a consistent and realistic intendment which includes the presumed desire of the legislature to recognize its legislative duty to act constitutionally. *Parker Land and Cattle Co. v. Wyo. Game & Fish Comm'n*, 845 P.2d 1040, 1081 (Wyo.1993). Having previously interpreted this constitutional provision to eliminate those tort causes of actions that would provide tort remedies, the statutory amendment cannot now be interpreted as reaching common law rights and defenses other than tort. We would also point out that should we apply this language literally as the Division contends we should, it would mean that other common law remedies and defenses such as res judicata and collateral estoppel[2] would also fall, and it is doubtful that the legislature intended this language to so broadly sweep or that the Division would desire to lose the benefit of those common law doctrines. We, therefore, conclude that the emphasized statutory language applies to the elimination of causes of action arising under tort law, and does not apply to those rules of substantive law that are applicable to avoid inequity in application of the Act. To do otherwise would threaten the historic compromise.

[¶ 29] The Division also argues that, as a matter of law, equitable estoppel does not apply because the final determination that it sent Appleby contradicted the statements made by the claims analyst, and her reliance was unreasonable after she received legal representation. We have already addressed the written notice issue. The Division's authority for its last assertion comes from a separately written opinion statement in *Wyo. Workers' Comp. Div. v. Halstead,* 795 P.2d 760, 775 (Wyo.1990) (Rooney, J., concurring in part and dissenting in part), opining that it should be considered unreasonable reliance if legal representation is provided during the period where a claim could have been timely filed. Appleby did not have legal representation during the period where a claim could have been timely filed, and the authority does not support the argument. The Division's arguments support the following conclusions of law made by the Director:

15. Any reliance on the claims analyst's verbal statements would be unjustified if those statements contradicted the proper written notices received by the Petitioner.

16. Even if the Petitioner had justifiably relied on a misrepresentation by the claims analyst, that reliance would have terminated when the claims analyst told Petitioner to get an attorney, or when Petitioner spoke with an attorney in June, 1999. Since Petitioner's objection was filed on September 7, 1999, it was late even if the period to object began to run on June 30, 1999.

As Appleby contends, equitable estoppel does apply, reliance does not terminate, and these legal conclusions are in error as a matter of law. The proper legal analysis is that made above where *Bauer* was properly applied to the facts.

[¶ 30] We have decided that the Division is equitably estopped from claiming that Appleby's request for hearing was untimely. Appleby is therefore entitled to a contested case hearing on the final determination that denied her benefits. The district court's or-

1. The relevant part of Wyo. Const. art. 10, § 4 states (emphasis added):

The right of each employee to compensation from the fund shall be in lieu of and shall take the place of *any and all rights of action* against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death.

2. Res judicata bars relitigation of previously litigated claims or causes of action, and collateral estoppel bars relitigation of previously litigated issues. *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.,* 931 P.2d 234, 238 (Wyo. 1997). As recognized in this state, these doctrines incorporate a universal precept of common law jurisprudence. *State, Dept. of Family Services v. PAJ,* 934 P.2d 1257, 1260 (Wyo.1997).

der affirming the Director's order denying a contested case hearing is reversed, and this case is remanded for a contested case hearing by the appropriate hearing authority, either the OAH or the Medical Commission, as statute dictates. Wyo. Stat. Ann. § 27–14–601(k)(v) (LexisNexis 2001).