**WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellant,**

v.

**C. L. CHRISTIANSEN, Appellee.**

No. 4019.

Supreme Court of Wyoming.

Dec. 29, 1971.

————◆————

Donald L. Painter, Sp. Asst. Atty. Gen., Cheyenne, for appellant.

Frank J. Trelease, Laramie, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

A contested workmen's compensation claim of C. L. Christiansen, employee, was settled by stipulation of the parties. The district judge entered an order approving the settlement and requiring certain expenses to be paid from the Industrial Accident General Fund in accordance with § 27–135, W.S.1957, C.1967. The state treasurer entered the proceedings at this point by way of an appeal to our court. On appeal, he challenges the payment of three items of expense.

The items questioned are: (1) $50 paid to Dr. Leon Schreiner for time spent in connection with the giving of a deposition; (2) $49.88 paid to Wyoming Reporting Services for taking and transcribing the deposition of Dr. Schreiner; and (3) $9.80 to the deputy county attorney for mileage in attending at the deposition of Dr. Schreiner.

■ The treasurer has initiated his appeal with the assumption that the items questioned are "costs of the action." He relies on the rule that "costs" are a creature of statute and, except for statutory costs, no right to costs exists. The treasurer then lifts out of context a portion of § 27–115, W.S.1957, C.1967, and quotes the following:

"No costs shall be taxed by the clerk except fees for witnesses, who may be subpoenaed and who shall be allowed the same fees, for attendance and mileage, as is fixed by law in civil actions, and jury costs shall also be taxed. All such costs shall be paid from the accident fund, if the verdict and judgment be in favor of the employer; but if against the employer then he shall pay the costs."

A reference to § 27–115 reveals that it starts with the statement that, if the employer alleges injury was due solely to culpable negligence of the injured employee, or that the claim is not one coming within the provisions of the compensation act, then a jury may be demanded and the cause shall be tried as a court proceeding. There follows an outline of trial procedures, with provisions for the presenting of evidence on behalf of the employee and on behalf of the employer. After which, those provisions relative to costs, which are relied on by appellant, are set out. The costs referred to in this section include *only* fees and mileage for witnesses and jury costs.

When § 27–115 is considered as a whole, it becomes apparent the only costs dealt with in the section are trial-connected costs. It is also made clear that not even trial-connected costs can become an obligation of the employee. It is provided that all such costs shall be paid from the accident fund if the judgment is in favor of the employer; and if against the employer then he shall pay the costs.

It is quite apparent from the record that the district judge did not consider the items of expense which appellant now questions as items of cost dealt with in § 27–115. His order specifically directed that mileage and deposition costs with respect to the deposition of Dr. Schreiner and fees of Wyoming Reporting Service for taking and transcribing the deposition be paid from the Industrial Accident General Fund, "in accordance with Wyoming Statutes 1957, Section 27–135."

Section 27–135 provides:

"All fees or mileage of witnesses, jurors and physicians adjudged to be paid from the industrial accident general fund in any court proceeding under this act and all contingent expenses incurred in *preparing for and in the administration of this act* shall be paid from the industrial accident reserve fund on proper vouchers and warrants." (Emphasis supplied.)

The section deals with expenses incurred in the administration of the compensation act. District judges are often heard to complain that the Wyoming legislature has in effect made them administrators for the workmen's compensation act. They say, except for the adjudication of disputed claims where a trial is necessary, their duties are administrative and such as should be performed by an administrator and not a judge. It has even been suggested that some of the compensation duties assigned to district judges may be in contravention of Art. 5, § 27, Wyoming Constitution, which provides no judge of the supreme or district court shall be elected or appointed to any other than judicial offices.

Nothing we say should be construed as a holding that administrative duties have been improperly assigned to district judges, or that they have been appointed to other than judicial offices. That question is not here involved. We mention the matter merely to point out that certain administrative functions have in fact been delegated to district judges in the workmen's compensation act.

Among the administrative duties assigned to a district judge is the duty to investigate, or cause to be investigated, each injury and claim for compensation. Section 27–113, W.S.1957, C.1967, requires the judge or his investigator to review reports of injury to determine whether the case should be docketed. Also, it is the duty of the judge or his investigator to investigate the nature of the injury and claim for compensation. This is done to determine whether the claim is disputed; to determine the right of the workman to receive compensation and the amount thereof; and if the claim is not disputed, to determine whether it is free from collusion.

Accordingly, it was held in Sheridan Coal Co. v. Harnsberger, 43 Wyo. 226, 3 P.2d 80, that a district judge, in investigating workmen's compensation claims, may have the aid of assistants entitled to compensation for services as expenses of investigation; that the necessity of employing assistants in the investigation of claims is largely discretionary with the district judge; that the amount payable to the investigator

should not exceed the reasonable value of services performed; and that the appointment of an official investigator to whom every claim would automatically be referred and who would be paid fixed fees is not authorized.

Section 27–122, W.S.1957, C.1967, makes it the duty of the county attorney to give all necessary legal advice to any injured workman who may seek such advice, in making and filing claims for compensation and in preparing other papers, free of all charges and costs. In the instant case, therefore, not only was it necessary for the judge to know what the medical expert, Dr. Schreiner, had to say with respect to the claimant's injury, but it was necessary for the county attorney to know what Dr. Schreiner would testify to in order that the county attorney could properly advise the injured workman.

It appears from the record that the deposition of Dr. Schreiner was taken pursuant to stipulation between the deputy county attorney and counsel for the employer. The attorneys also stipulated that the deposition was to be admitted and used as evidence in any trial of the matter. Such stipulation was approved by the district judge.

We have no doubt the testimony of Dr. Schreiner, in his deposition, greatly influenced the employer in its decision to settle out of court the employee's claim; that such deposition influenced the county attorney in advising the employee to make such settlement; and that the deposition influenced the district judge in approving the settlement and in ordering compensation in accordance therewith.

Inasmuch as there ended up being no actual trial, there were no trial-connected costs. However, there were expenses of investigation. As a result of the investigation, the district judge was able to determine that the claim for compensation, as revised by stipulation, was proper; and that such claim was free from collusion.

Apparently the official court reporter was not available to serve at the necessary time and place for taking the Schreiner deposi-

tion, and the services of Wyoming Reporting Service were obtained for taking and transcribing such deposition. It is of interest to note that Wyoming Reporting Service billed the deputy county attorney for its charges and did not submit a bill as costs to the court. As indicated in the *Sheridan Coal Co.* case, it was within the discretion of the district judge to consider the expense incurred with Wyoming Reporting Service as a necessary expense incurred in preparing for or in the investigation of the case, especially since the investigation eliminated the necessity for trial.

In the settlement stipulation which the parties entered into, they agreed the items of expense here involved would be paid from the industrial accident fund. This was approved by the district judge and he ordered such payment. We could not reverse the order of the district court without setting aside the settlement stipulation in its entirety because neither the employer nor the employee has agreed to be charged with the items of expense which appellant now questions.

■ Concerning the mileage charge of the deputy county attorney, appellant argues this expense should have been charged to the county. Reliance is placed on § 18–116, W.S.1957, which provides for the payment of mileage by the county when the county attorney is called upon to render service for the county pursuant to law, outside of his county or at a distance of more than ten miles.

This section of course applies only when service is rendered "for the county." Appellant overlooks the fact that the county has no interest in the workmen's compensation claim of Christiansen. Therefore, the service of the county attorney's office was not rendered for the county. This expense item falls in the same category as the other two items of expense. All could reasonably be considered by the district judge as contingent expenses incurred in preparing for and in the administration of the compensation act.

Therefore, the questioned items of expense were properly chargeable to the industrial accident fund pursuant to § 27–135, W.S.1957, C.1967.

Affirmed.