# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 86

APRIL TERM, A.D. 2024

August 14, 2024

TERRY J. LEAL,

Appellant
(Petitioner),

v.

STATE OF WYOMING, ex rel.
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS'
COMPENSATION DIVISION,

Appellee
(Respondent),

and                                                              S-23-0278

DUSTIN KOPP,

Appellant
(Petitioner),

v.

STATE OF WYOMING, ex rel.
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS'
COMPENSATION DIVISION,

Appellee
(Respondent).

*W.R.A.P. 12.09(b) Certification*
*from the District Court of Laramie County*
*The Honorable Peter H. Froelicher, Judge*

*Representing Appellant Leal:*

George Santini, Ross & Santini, LLC, Cheyenne, Wyoming. Argument by Mr. Santini.

*Representing Appellant Kopp:*

Michael D. Newman, Hampton & Newman, LC, Rock Springs, Wyoming. Argument by Mr. Newman.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Mark Klaassen, Deputy Attorney General; Peter Howard, Senior Assistant Attorney General; Holli J. Welch, Senior Assistant Attorney General. Argument by Ms. Welch.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   The Office of Administrative Hearings (OAH) concluded it lacked statutory authority under the Wyoming Worker's Compensation Act (the Act) to order reimbursement of medical expert fees and denied reimbursement in two separate cases. Both cases were appealed to the district court.  The district court certified the cases to this Court pursuant to W.R.A.P. 12.09(b).  We conclude OAH has the authority to order reimbursement of an employee's reasonably incurred medical expert witness fees, and its decision to the contrary was not in accordance with the law.

*ISSUES*

[¶2]   The issues are:

> 1.  Was OAH's decision denying full reimbursement of employee-claimant Terry J. Leal's retained medical expert's, Gregory Reichhardt, M.D., fees in accordance with law, supported by substantial evidence, an abuse of discretion, arbitrary and capricious, or in excess of statutory authority or right?
>
> 2.  Was OAH's decision denying reimbursement of employee-claimant Dustin D. Kopp's retained medical expert's, Douglas G. Adler, M.D., fees in accordance with law, supported by substantial evidence, an abuse of discretion, arbitrary and capricious, or in excess of statutory authority or right?

These issues arise from two rulings in comparable cases, and we answer them as a single inquiry.

*FACTS*

**A.    Ms. Leal**

[¶3]   Ms. Leal's claim for workers' compensation benefits began in June 2021, when she was diagnosed with a right shoulder injury she attributed to work activities.  Ms. Leal reported the injury to her employer and sought workers' compensation coverage.  The Department of Workforce Services, Workers' Compensation Division (the Division) concluded her injury was not caused by her work and denied her claim.  Ms. Leal objected and received a contested case hearing before OAH.

1

[¶4]    An attorney was appointed to represent Ms. Leal.  The order appointing the attorney provided he would be paid "a reasonable fee" for his services and would be "reimbursed for actual expenses reasonably incurred," including "expert witness fees."

[¶5]    Causation was a key issue in the contested case, and clinic policies prohibited Ms. Leal's treating physician from providing an opinion on causation.  Ms. Leal retained a nontreating medical expert to testify on the issue.  On Ms. Leal's behalf, her attorney hired Dr. Gregory Reichhardt, a board-certified physical medicine and rehabilitation physician. After reviewing Ms. Leal's records and conducting a physical examination, Dr. Reichhardt issued a report opining Ms. Leal's work activities caused her shoulder injury and testified in conformance with the report.  OAH found Ms. Leal's injury was caused by her employment and awarded workers' compensation benefits.

[¶6]    Ms. Leal's attorney then applied for attorney's fees and costs, which included a request for reimbursement of fees paid to Dr. Reichhardt.  The Division did not object. OAH denied reimbursement for Dr. Reichhardt's fees based on Wyo. Stat. Ann. § 27-14-604(a) (*see infra* ¶ 28 for text).  It determined Wyo. Stat. Ann. § 27-14-604(a) only allows payment of an independent medical examination (IME) when a doctor is appointed by order of OAH, and the Act did not otherwise authorize OAH to pay for medical expert fees. Since Ms. Leal had retained Dr. Reichhardt as an expert witness "to perform an independent medical evaluation," and OAH had not ordered his appointment, OAH concluded it did not have statutory authority to order reimbursement.

## B.    Mr. Kopp

[¶7]    In May 2021, Mr. Kopp experienced abdominal pain at work.  He reported the injury and sought workers' compensation coverage.  The Division concluded his injury was a recurrence of a prior hernia and not compensable.  Following Mr. Kopp's request for a contested case hearing, OAH appointed an attorney to represent him.  The order appointing the attorney provided counsel would be "reimbursed for actual expenses reasonably incurred . . . (e.g. expert witness fees . . . )."

[¶8]    At issue in Mr. Kopp's case was the causal connection between his hernia and his employment. The Division retained Dr. Jonathan Fishman to review the record and provide an opinion on whether Mr. Kopp's work caused his hernia.  In response, Mr. Kopp's attorney hired Dr. Douglas G. Adler to assess whether Mr. Kopp's work caused his hernia. Mr. Kopp eventually prevailed, but prior to the case's conclusion his attorney withdrew, and substitute counsel was appointed.  Original counsel requested payment of fees and costs, including Dr. Adler's fees.  The Division objected to payment of Dr. Adler's fees, and OAH denied payment of those fees.  Reasoning as it had in Ms. Leal's case, OAH found that Mr. Kopp was permitted to privately retain a physician to issue a written report but "the expenses associated with an independent medical evaluation, paper review, and

preparation of a report must be borne by the injured worker" absent an appointment of that physician pursuant to Wyo. Stat. Ann. § 27-14-604(a).

[¶9]    Both Ms. Leal and Mr. Kopp sought district court review.  The district court consolidated the cases and, pursuant to W.R.A.P. 12.09(b), certified them to this Court.[1]

## *STANDARD OF REVIEW*

[¶10]  "When an administrative agency case is certified to this Court under W.R.A.P. 12.09(b), we apply the standards for judicial review set forth in Wyo. Stat. Ann. § 16-3-114(c)." *Jonah Energy LLC v. Wyo. Dep't of Revenue*, 2023 WY 87, ¶ 6, 534 P.3d 902, 905 (Wyo. 2023) (quoting *Wyodak Res. Dev. Corp. v. Wyo. Dep't of Revenue*, 2017 WY 6, ¶ 14, 387 P.3d 725, 729 (Wyo. 2017) (citing *Wyodak Res. Dev. Corp. v. Wyo. Dep't of Revenue*, 2002 WY 181, ¶ 9, 60 P.3d 129, 134 (Wyo. 2002))); *Chesapeake Operating, LLC v. Dep't of Revenue*, 2023 WY 107, ¶ 9, 537 P.3d 1134, 1138 (Wyo. 2023).

[¶11]  Wyo. Stat. Ann. § 16-3-114(c) provides:

> (c)    To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error.  The reviewing court shall:

---

[1] W.R.A.P. 12.09(b) provides:

> Upon . . . review [of an administrative action], or in response to a motion for certification or interlocutory appeal by any party within 30 days of the filing of the petition for review and after allowing fifteen (15) days from service for response, the district court may, as a matter of judicial discretion, certify the case to the supreme court.  In determining whether a case is appropriate for certification, the district court shall consider whether the case involves:
>> (1) a novel question;
>> (2) a constitutional question;
>> (3) a question of state-wide impact;
>> (4) an important local question which should receive consideration from the district court in the first instance;
>> (5) a question of imperative public importance; or
>> (6) whether an appeal from any district court determination is highly likely such that certification in the first instance would serve the interests of judicial economy and reduce the litigation expenses to the parties.

3

.  .  .

(ii)    Hold unlawful and set aside agency action, findings and conclusions found to be:

(A)    Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B)    Contrary to constitutional right, power, privilege or immunity;

(C)    In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D)    Without observance of procedure required by law; or

(E)    Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16-3-114(c)(ii) (LexisNexis 2023). "We review an agency's conclusions of law de novo and affirm only if its conclusions are in accordance with the law." *Nagel v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2024 WY 15, ¶¶ 10–13, 542 P.3d 622, 626–27 (Wyo. 2024) (quoting *Triplett v. State ex. rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2021 WY 118, ¶ 35, 497 P.3d 903, 911 (Wyo. 2021)). Under this standard, no deference is afforded to the agency's determination, and this Court has authority to "correct any error made by the agency in either interpreting or applying the law." *Jacobs v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2009 WY 118, ¶ 11, 216 P.3d 1128, 1132 (Wyo. 2009) (quoting *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Garl*, 2001 WY 59, ¶ 9, 26 P.3d 1029, 1032 (Wyo. 2001)). This case requires interpretation of the Workers' Compensation statutes. "Interpretation of a statute involves a question of law and is reviewed *de novo*." *Jonah*, ¶ 7, 534 P.3d at 905 (citations omitted).

[¶12]  When interpreting statutes, our first step is to determine whether the applicable statutes are ambiguous.

A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations.

4

When the words used are clear and unambiguous, a court risks an impermissible substitution of its own views, or those of others, for the intent of the legislature if any effort is made to interpret or construe statutes on any basis other than the language invoked by the legislature. . . . If the language selected by the legislature is sufficiently definitive, that language establishes the rule of law. . . . This inhibition upon statutory construction offers assurance that the legislative efforts and determinations of elected representatives will be made effective without judicial adjustment or gloss.

*Kunkle v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2005 WY 49, ¶ 11, 109 P.3d 887, 890 (Wyo. 2005) (citations and quotation marks omitted).

[¶13]  "We seek the legislature's intent 'as reflected in the plain and ordinary meaning of the words used in the statute[s].'" *Matter of Est. of Britain*, 2018 WY 101, ¶ 15, 425 P.3d 978, 983 (Wyo. 2018) (quoting *In Int. of JB*, 2017 WY 26, ¶ 12, 390 P.3d 357, 360 (Wyo. 2017) (quoting *Butler v. State*, 2015 WY 119, ¶ 7, 358 P.3d 1259, 1262 (Wyo. 2015))).

Where legislative intent is discernible a court should give effect to the most likely, most reasonable, interpretation of the statute, given its design and purpose.  In light of this objective, . . . [w]e . . . construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection.  To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. . . . When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.

*Britain*, ¶ 15, 425 P.3d at 983 (quoting *Blevins v. State*, 2017 WY 43, ¶ 27, 393 P.3d 1249, 1256 (Wyo. 2017)) (citations and quotation marks omitted).  Moreover, we strive to avoid an interpretation that produces an absurd result, *Rodriguez v. Casey*, 2002 WY 111, ¶ 10, 50 P.3d 323, 326–27 (Wyo. 2002), or that renders a portion of the statute meaningless. *Kunkle*, ¶ 11, 109 P.3d at 890.

[¶14]  In *Seherr-Thoss v. Teton Cnty. Bd. of Cnty. Comm'rs*, we stated:

We are guided by the full text of the statute, paying attention to its internal structure and the functional relation between the parts and the whole.  Each word of

a statute is to be afforded meaning, with none rendered superfluous. Further, the meaning afforded to a word should be that word's standard popular meaning unless another meaning is clearly intended. If the meaning of a word is unclear, it should be afforded the meaning that best accomplishes the statute's purpose. We presume that the legislature acts intentionally when it uses particular language in one statute, but not in another. If two sections of legislation appear to conflict, they should be given a reading that gives them both effect.

*Rodriguez*, ¶ 10, 50 P.3d at 326–27 (citations omitted).

Finally, we are mindful of the

. . . well-known principle of law that courts are not free to legislate. The first rule of statutory construction is that legislative intent, not a court's perception of fairness, controls. It is not the court's prerogative to usurp the power of the legislature by deciding what should have been said. The courts must follow, and cannot extend, statutory definitions. For over a century, courts in Wyoming have recognized that it is their duty only to interpret and declare what the law is, not to be responsible for its defects. . . .

*Scott v. Scott*, 918 P.2d 198, 200 (Wyo. 1996) (citation omitted).

*Seherr-Thoss v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2014 WY 82, ¶¶ 19–20, 329 P.3d 936, 945 (Wyo. 2014).

## *DISCUSSION*

[¶15] OAH points out that the Act contains specific authority for the Division to pay for a medical examination when a health care provider is appointed to conduct an IME under Wyo. Stat. Ann. § 27-14-604(a). It argues that § 604(a) has no application to the questions before us because the providers were not appointed under that statute. OAH submits that the Act gives it no authority to pay for IMEs not ordered by the Division under § 604(a). It posits that without express statutory authorization, it lacks authority to order payment of medical expert fees incurred outside of § 604(a).

6

[¶16] Because resolution of this issue requires interpretation and application of the Act, we are guided by its structure and purpose, the functional relationship of its provisions, and the plain meaning of the words in the Act. The Act expressly provides for reimbursement of attorney's fees, Wyo. Stat. Ann. § 27-14-602(d), reimbursement of "court costs," Wyo. Stat. Ann. § 27-14-602(c), and states that "witness fees" are paid "as costs," Wyo. Stat. Ann. § 27-14-604(a). Reading these provisions together, we conclude that the Act unambiguously authorizes payment of expert medical fees incurred by claimants.

## A.     Structure and Purpose of the Act

[¶17] The Wyoming workers' compensation system establishes the benefits available to workers injured in the course of employment and the procedures for obtaining those benefits. *See* Wyo. Stat. Ann. §§ 27-14-101 through -806. The "goal [of providing compensation to injured employees] takes precedence over cost control." *Air Methods/Rocky Mountain Holdings, LLC v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2018 WY 128, ¶ 36, 432 P.3d 476, 486 (Wyo. 2018).

[¶18] The Act "provides employees exclusive rights and remedies against employers for workplace injuries." *Matter of Hall*, 2018 WY 35, ¶ 6, 414 P.3d 622, 625 (Wyo. 2018) (citing Wyo. Stat. Ann. § 27-14-104(a)). The workers' compensation statutes are "designed and meant to assist and protect the injured employee through the recovery process." *Matter of Johner*, 643 P.2d 932, 935 (Wyo. 1982). The legislature's 1994 "statement of intent" specifies that the Act should be interpreted to "assure . . . delivery of . . . medical benefits . . . at a reasonable cost to the employers who are subject to [the Act]." Wyo. Stat. Ann. § 27-14-101(b).

[¶19] The lens through which we interpret the Act has evolved over time. Prior to 1994, the Court construed the Act broadly, in favor of the worker.[2] In doing so, we recognized

---

[2] We explained:

> [T]he right to benefits from our state-sponsored worker's compensation fund is a right granted solely by virtue of a constitutional amendment that has been implemented through legislative enactment. *See* Wyo. Const. art. 10, § 4. *Matter of Johner*, 643 P.2d 932 (Wyo. 1982); *Tompkins v. George Rinner Construction Company*, 196 Kan. 244, 409 P.2d 1001 (1966). No such right existed at common law. Indeed, the very existence of the fund is a product of legislative action. Unlike most statutes that abrogate common law rights and must, for that reason, be strictly construed (*State v. Stovall*, 648 P.2d 543 (Wyo. 1982); *Mahaney v. Hunter Enterprises, Inc.*, 426 P.2d 442 (Wyo. 1967)), **the Wyoming Worker's Compensation Act (Act), §§ 27-12-101 to 27-12-805, W.S. 1977, is to be interpreted in a reasonably liberal fashion so that the legislative goals that obviously are intended may be accomplished**. *Lehman v. State, ex rel. Wyoming Workers' Compensation Division*, 752 P.2d 422

---

that one "purpose of worker's compensation is to provide social insurance to victims of industrial accidents so that the employee can recover for injuries without proof of fault on the part of the employer." *Matter of Patch*, 798 P.2d 839, 841 (Wyo. 1990) (citing *Barnette v. Doyle*, 622 P.2d 1349, 1353 (Wyo. 1981)).

[¶20] In 1994, the legislature abolished the common law rule of liberal construction and amended the Act to state:

> It is the intent of the legislature in creating the Wyoming worker's compensation division that the laws administered by it to provide a worker's benefit system be interpreted to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers who are subject to the Worker's Compensation Act. It is the specific intent of the legislature that benefit claims cases be decided on their merits and that the common law rule of "liberal construction"

(Wyo. 1988); *Matter of Abas*, 701 P.2d 1153 (Wyo. 1985); *Herring v. Welltech, Inc.*, 660 P.2d 361 (Wyo. 1983); *Matter of Barnes*, 587 P.2d 214 (Wyo. 1978); *Lichty v. Lichty Construction Company*, 69 Wyo. 411, 243 P.2d 151 (1952); *In re McConnell*, 45 Wyo. 289, 18 P.2d 629 (1933). **Whenever possible, the Act should be applied in favor of the workman** (*Conn v. Ed Wederski Construction Company*, 668 P.2d 649 (Wyo. 1983); *Claim of Carey*, 74 Wyo. 37, 283 P.2d 1005 (1955)), so that industry, and not the individual employee, bears the burden of accident and injury occurring within the industrial setting. *Lehman; State, ex rel. Wyoming Workers' Compensation Division v. Malkowski*, 741 P.2d 604 (Wyo. 1987); *Matter of Shapiro*, 703 P.2d 1079 (Wyo. 1985); *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885 (Wyo. 1984); *Jim's Water Service v. Eayrs*, 590 P.2d 1346 (Wyo. 1979); *Mor, Inc. v. Haverlock*, 566 P.2d 219 (Wyo. 1977); *In re Gimlin*, 403 P.2d 178 (Wyo. 1965). **In order to achieve that end, we are afforded, under our precedent, a degree of flexibility in interpreting the various provisions of the Act.**

This latitude with respect to interpretation does not, however, encompass the freedom to extend the Act, under the guise of liberal construction, to injuries and situations that do not fall within the language adopted by the legislature. *Lehman; Baskin v. State, ex rel. Wyoming Worker's Compensation Division*, 722 P.2d 151 (Wyo. 1986); *Abas; Matter of Van Matre*, 657 P.2d 815 (Wyo. 1983); *Mor*. Neither have we been afforded the freedom to ignore clear statutory provisions. *Olson v. Federal American Partners*, 567 P.2d 710 (Wyo. 1977).

*Seckman v. Wyo-Ben, Inc.*, 783 P.2d 161, 165–66 (Wyo. 1989) (emphasis added); *see also Lehman v. State ex rel. Wyo. Workers' Comp. Div.*, 752 P.2d 422, 425 (Wyo. 1988) ("If it is rationally possible, workers' compensation statutes are to be construed so that industry, rather than the injured workman, bears the burden of industrial accidents."); *Wyo. State Treasurer ex rel. Workmen's Comp. Dep't v. Boston*, 445 P.2d 548, 551 (Wyo. 1968) ("the compensation law is to be liberally construed so that where reasonably possible the industry and not the individual workman should, to a large extent, bear burdens of accidents suffered within it").

> based on the supposed "remedial" basis of workers' benefits legislation shall not apply in these cases. The worker's benefit system in Wyoming is based on a mutual renunciation of common law rights and defenses by employers and employees alike. Accordingly, the legislature declares that the Worker's Compensation Act is not remedial in any sense and is not to be given a broad liberal construction in favor of any party.

Wyo. State. Ann. § 27-14-101(b) (LexisNexis 2023) (emphasis added); 1994 Wyo. Sess. Laws 286.

[¶21]  Since 1994, we have refrained from giving the Act a broad interpretation in favor of the claimant. *See, e.g.*, *In re Summers*, 987 P.2d 153, 157 (Wyo. 1999) ("[T]his Court may no longer interpret worker's compensation statutes in favor of coverage . . . ."); *but see Matter of Workers' Comp. Claim of Fansler*, 914 P.2d 156, 158 (Wyo. 1996) ("the law relating to hernia, like the other general provisions, are to be liberally construed in favor of the worker"). We continue to recognize the "historic compromise" that the workers' compensation statutory scheme entails—workers injured on the job surrender the ability to sue their employers in tort in exchange for the prompt resolution and relatively certain compensation in the workers' compensation system, and employers surrender the ability to utilize tort defenses in exchange for more limited liability. *See* 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 1.01, at 1-2, 1-3 (2014); *see also Baker v. Bridgestone/Firestone*, 872 N.W.2d 672, 676–77 (Iowa 2015) ("In the grand bargain . . . employers receive immunity from potentially large tort lawsuits and jury verdicts on the condition that they pay compensation benefits for injuries arising out of and in the course of employment . . . [and employees] cede the prospect of pressing tort lawsuits in exchange for a system designed to provide compensation benefits . . . promptly, without protracted and expensive litigation."); *Sampson v. Cuyahoga Metro. Hous. Auth.*, 2012-Ohio-570, ¶¶ 14–15, 966 N.E.2d 247, 251 (Ohio) (comparing rationale for workers' compensation system and political subdivision tort liability); *Horodyskyj v. Karanian*, 32 P.3d 470, 474 (Colo. 2001). We continue to "interpret the workers' compensation statutes 'in a way that gives effect to the legislative intent and preserves the historic compromise between workers and employers.'" *Stallman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2013 WY 28, ¶ 30, 297 P.3d 82, 90 (Wyo. 2013) (quoting *Summers*, 987 P.2d at 157); *see also Summers*, 987 P.2d at 157 ("If the Division can 'lay in the grass' and try out theories one by one as it did here, the compromise would be broken.").

[¶22]  Fundamentally, OAH's argument (that an injured worker should not be reimbursed for medical expert fees incurred in meeting his or her burden to establish coverage under the Act) undermines the historic compromise on which workers' compensation is based and contradicts clear legislative intent that costs are borne by employers subject to the Act.

**B.    Functional Relationship of Provisions Related to Payment of Medical Expert Fees**

### 1.  Claimant's Burden

[¶23]  The Act places the burden of proof in contested cases on the claimant.  Wyo. Stat. Ann. § 27-14-603(a) ("The burden of proof in contested cases involving injuries . . . is on the employee . . . .").  A "workers' compensation claimant must prove all essential elements of her claim by a preponderance of the evidence." *Zheng v. State ex. rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2024 WY 77, ¶ 19, —P.3d—, — (Wyo. 2024) (quoting *McBride v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2022 WY 100, ¶ 15, 515 P.3d 1060, 1064 (Wyo. 2022)).  "As a part of that burden, the claimant must prove a causal connection exists between a work-related injury and the injury for which worker's compensation benefits are being sought." *Kenyon v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2011 WY 14, ¶ 22, 247 P.3d 845, 851 (Wyo. 2011) (quoting *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 35, 188 P.3d 554, 563 (Wyo. 2008)).  "Whether a causal connection exists is a question of fact." *Matter of Lysne*, 2018 WY 107, ¶ 30, 426 P.3d 290, 298 (Wyo. 2018) (quoting *Taylor v. State, ex rel., Wyo. Workers' Safety & Comp. Div.*, 2005 WY 148, ¶ 9, 123 P.3d 143, 146 (Wyo. 2005)).  "The claimant must show the causal connection to a reasonable degree of medical probability.  Typically this requires expert medical testimony that it is more probable than not that the work contributed in a material fashion to the precipitation, aggravation or acceleration of the injury." *Guerrero v. State, ex rel., Dep't of Workforce Servs., Workers' Comp. Div.*, 2015 WY 88, ¶ 15, 352 P.3d 262, 267 (Wyo. 2015) (citing *Stevens v. State ex rel. Dep't of Workforce Servs., Workers' Safety & Comp. Div.*, 2014 WY 153, ¶ 50, 338 P.3d 921, 932 n.6 (Wyo. 2014)); *see also Hart v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2022 WY 81, ¶ 15, 512 P.3d 640, 645 (Wyo. 2022) ("the causal connection must generally be established by medical expert testimony" (citation omitted)); *Jacobs v. State, ex rel., Wyo. Workers' Safety & Comp. Div.*, 2013 WY 62, ¶ 11, 301 P.3d 137, 142 n.1 (Wyo. 2013) ("the circumstances of this case do not suggest that a connection could be established absent expert testimony"); *Middlemass v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2011 WY 118, ¶ 34, 259 P.3d 1161, 1169 (Wyo. 2011) ("in many cases expert testimony will be required").

[¶24]  In a contested case, the claimant must satisfy his burden of proof, and where required, establish a causal connection with expert medical testimony. *See, e.g.*, *Lysne*, ¶ 21, 426 P.3d at 297 (The Division argued that because Mr. Lysne's case "presents complex medical issues," he could not establish causation at his contested case hearing without expert medical evidence.).  Indeed, contested case outcomes commonly turn on whether expert medical testimony established causation. *See, e.g.*, *Hart*, ¶ 21, 512 P.3d at 647 ("The lack of medical evidence of causation allows a reasonable mind to accept the Medical Commission's decision that Mr. Hart failed to meet his burden of proving the elements of his worker's compensation claim." (citation omitted)); *Lysne*, ¶ 30, 426 P.3d

at 298; *Boyce v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2017 WY 99, ¶ 21, 402 P.3d 393, 399 (Wyo. 2017); *Mitcheson v. State, ex rel. Wyo. Workers' Safety & Comp. Div.*, 2012 WY 74, ¶ 9, 277 P.3d 725, 730 (Wyo. 2012); *Jacobs*, ¶ 11, 301 P.3d at 142 n.1; *Middlemass*, ¶ 34, 259 P.3d at 1169; *Matter of Worker's Comp. Claim of Thornberg*, 913 P.2d 863, 867 (Wyo. 1996), *as modified on denial of reh'g* (Apr. 29, 1996).

[¶25] Under its newly minted interpretation of the Act—OAH has no authority to order payment for medical expert fees incurred by the injured worker—the Division would have unfettered access to expert witnesses to review the record and render opinions as to causation, the employer would have conditional access to paid medical experts, and an injured employee's access to an opposing medical expert would always be at his own expense.[3] Given the injured employee's burden to prove causation, the frequent need for an expert to establish causation, and the historic compromise between workers and employers, it seems implausible that the legislature would intend the injured worker— prevailing or losing—to bear the cost of a medical expert.

### 2. The Act Provides for the Appointment of Counsel, Payment of Attorney's Fees and Court Costs

[¶26] OAH urges us to adopt the reasoning in Justice Golden's concurring opinion in *Serda v. State ex rel. Wyo. Workers' Safety & Comp. Div.*:

> The problem with allowing payment for a private medical examination under the guise of costs is that the statutes reflect a scheme whereby a party requesting a private medical examination should be responsible for the payment therefor. The only time the hearing officer is specifically provided with authority to direct payment of a medical examination is if the examination is an independent examination under § 604.

*Serda v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 38, ¶ 30, 42 P.3d 466, 477 (Wyo. 2002) (Golden, J., concurring). OAH's reliance on the concurring opinion in *Serda* is misplaced.

[¶27] In *Serda* the claimant requested reimbursement of fees for a third impairment rating. Reimbursement was denied. *Serda*, ¶ 3, 42 P.3d at 467. Addressing whether the denial was proper, the majority relied upon Wyo. Stat. Ann. § 27-14-405(m), which governs impairment ratings: "If the percentage of physical impairment is disputed, the division shall obtain a second opinion and if the ratings conflict, shall determine the physical impairment award upon consideration of the initial and second opinion." Wyo. Stat. Ann. § 27-14-405(m). Because § 27-14-405(m) authorized two impairment ratings, not three, the Court

---

[3] *See* Wyo. Stat. Ann. § 27-14-602(c) and Wyo. Stat. Ann. § 27-14-604(a).

held that denying reimbursement for a third rating was not arbitrary, capricious, an abuse of discretion, or contrary to law. *Serda*, ¶ 22, 42 P.3d at 475–76. Wyo. Stat. Ann. § 27-14-405(m) is not relevant to our analysis here. The *Serda* majority did not engage in an analysis of the Act as a whole or of § 27-14-604 specifically, and we are not persuaded by the concurring opinion.

[¶28]   OAH argues that § 27-14-604(a) has no application to the question of its authority to pay for an injured worker's retained medical expert fees. Section 27-14-604(a) provides:

> In any contested proceeding, the hearing examiner may appoint a duly qualified impartial health care provider to examine the employee and give testimony. The fee for the service shall be as ordered by the hearing examiner, with mileage allowance as is allowed to other witnesses to be assessed as costs and paid as other witness fees are paid. The employer or employee may, at his own expense, also designate a qualified health care provider who may be present at the examination of the employee and give testimony at later hearings.

Wyo. Stat. Ann. § 27-14-604(a). The plain language of § 27-14-604(a) limits its application to a situation where the hearing examiner appoints a "duly qualified impartial health care provider to examine the employee," an IME. If an IME is ordered, the employee has the right to designate another health care provider to attend the IME and testify later. *Id.* In the cases at bar, OAH did not order an IME. The medical providers retained by the claimants were not employed to attend an administratively ordered examination. While we agree that § 604(a) does not directly apply to the questions before us, we note that it does have relevance to our interpretation of expert witness fees as costs and to our review of the Act as a whole. *See infra* ¶ 31.

[¶29] The Act provides for the appointment of an attorney to represent an injured employee if a claim for workers' compensation benefits is denied and for the payment of the employee's attorney's fees. Wyo. Stat. Ann. § 27-14-602(d). Section 27-14-602(d) provides:

> Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding. An appointed attorney shall be paid according to the order of the hearing examiner either from the worker's compensation account, from amounts awarded to the employee or claimants or from the employer. . . .

Wyo. Stat. Ann. § 27-14-602(d). The Act provides for the payment of costs. Section 27-14-602(c) provides:

> Except as otherwise specified in this subsection, all court costs shall be paid from the worker's compensation account if the judgment is in favor of the employer or the division. If judgment is against the employer and the employer contested the claim without being joined in the contest by the division, the court costs shall be paid by the employer. When the employer or division prevails, the court costs shall not affect the employer's experience rating. If judgment is against a health care provider, the court costs shall be paid by the health care provider.

Wyo. Stat. Ann. § 27-14-602(c).

[¶30] These subsections clearly authorize the OAH to award attorney's fees and costs. Subsection 602(c) provides for the award and allocation of costs by the hearing examiner. It specifies when certain costs will be paid by the division, the employer, or a health care provider. It does not anticipate any circumstance where court costs would be paid by the injured worker.[4]

[¶31] Subsection 602(c) does not define "court costs" or indicate whether expert witness fees are "court costs." *See* §§ 27-14-602(c) and 27-14-102 (definitions). To determine the legislature's intent regarding the meaning of undefined words in the Act, "we examine the Wyoming Worker's Compensation Act as a whole, looking at its purposes as well as the underlying policy considerations." *In re Collicott*, 2001 WY 35, ¶ 8, 20 P.3d 1077, 1080 (Wyo. 2001); *see also Painter v. State ex rel. Wyo. Worker's Comp. Div.*, 931 P.2d 953, 955 (Wyo. 1997) (when determining the legislature's intent we examine the Act as a whole and construe its components in pari materia), *abrogated on other grounds by Vaughn v. State*, 962 P.2d 149 (Wyo. 1998). As pointed out above, § 604(a) specifies that independent medical examiner fees are to be "assessed as costs and paid as other witness fees." Given this directive, it is plain, court costs include expert witness fees.

[¶32] After analyzing the purpose and structure of the Act, the explicit legislative intent that an employee injured in the workplace should be compensated "at a reasonable cost to the employers," the directive that medical expert witness fees are to be assessed as costs and the authority given to OAH to award costs, we can reach only one conclusion: when

---

[4] The Act specifies only two discrete instances, not relevant here, when a claimant will have to pay attorney's fees or costs: when his claim is frivolous, Wyo. Stat. Ann. § 27-14-602(d), or when he hires a physician to attend an IME conducted by a health care provider appointed by OAH. Wyo. Stat. Ann. § 27-14-604(a).

the legislature provided for the payment of costs and attorney's fees, it intended the Division to pay reasonable fees for a medical expert retained by the injured worker.[5] *See John Deere Dubuque Works v. Caven*, 804 N.W.2d 297, 300–01 (Iowa Ct. App. 2011) (concluding that Iowa Code section stating "[a]ll costs incurred in the [workers' compensation] hearing before the commissioner shall be taxed in the discretion of the commissioner" authorized the workers' compensation agency to reimburse fee incurred in obtaining a medical expert report).

## C.     OAH's Rules

[¶33]   OAH's rules and its awards in prior cases are consistent with this conclusion.  OAH rules provide for reimbursement of expert witness fees as part of "permitted fees."  Chapter 5, § 3 of the Office of Administrative Hearings Rules states:

> (a)     The hearing examiner may appoint an attorney to represent an employee or claimant.
>
> (b)     Upon entry of a final order, **an appointed attorney may request payment of reasonable fees and costs**.  All requests for fees and costs shall be verified and shall detail time spent and work performed.  **Permitted fees include**:
>
> .     .     .
>
> > (iii)   **costs:** appointed attorneys may request **reimbursement of actual expenses reasonably incurred, with respective invoices/bills attached (e.g. expert witness fees**, costs to obtain pertinent medical records, reasonable and customary postage costs, and subpoena costs).  Copying costs shall be paid at no more than fifteen cents (15¢) per copy.  If reasonably incurred, attorney's travel time shall be paid at one-half the hourly rate for attorney's fees . . . .

---

[5] We reached a similar conclusion when we examined the precursor to Wyo. Stat. Ann. § 27-14-602(c). *Wyo. State Treasurer ex rel. Workmen's Comp. Dep't v. Christiansen*, 491 P.2d 1251 (Wyo. 1971) considered payment of costs, including fees paid to a doctor in connection with his deposition, incurred in investigation of a claim made under the previous workers' compensation statutes.  There, the state treasurer argued that those fees were not compensable under § 27-115, W.S. 1957, C. 1967.  This Court rejected that argument, holding, "When § 27-115 is considered as a whole, it becomes apparent the only costs dealt with in the section are trial-connected costs.  It is also made clear that not even trial[-]connected costs can become an obligation of the employee." *Christiansen*, 491 P.2d at 1252.  The *Christiansen* Court concluded that the fees were not trial-connected costs, but were costs incurred in the investigation of the claim and were compensable. *Id.* at 1253.

OAH Rules, ch. 5, § 3 (July 2017) (emphasis added). The language of this rule incontrovertibly requires reimbursement of expert witness fees incurred by an attorney representing an employee. We have addressed administrative rules interpreting a statute:

> Administrative interpretation of a statute . . . [is] entitled to weight when the legislature has failed over a long period of time to make any change in the statute. Such failure is some indication of an acquiesence [sic] by the legislature to administrative interpretation . . . . During the past sixty years, the legislature has had ample opportunity to amend the statute to include the words "sewage disposal," but it has not. Such long-standing acquiescence is an indication of legislative intent.

*Pub. Serv. Comm'n v. Formal Complaint of WWZ Co.*, 641 P.2d 183, 186 (Wyo. 1982) (citation omitted); *see also State Bd. of Equalization v. Tenneco Oil Co.*, 694 P.2d 97 (Wyo. 1985); *Sch. Dists. Nos. 2, 3, 6, 9, & 10, in Campbell Cnty. v. Cook*, 424 P.2d 751, 756 (Wyo. 1967). *Petroleum Inc. v. State ex rel. State Bd. of Equalization*, 983 P.2d 1237, 1240 (Wyo. 1999) ("We generally defer to the construction placed on a statute by the agency that is charged with its execution, provided, however, that the agency's construction does not conflict with the legislature's intent." (citing *Laramie Cnty. Bd. of Equalization v. Wyo. State Bd. of Equalization*, 915 P.2d 1184, 1190 (Wyo. 1996))). An "agency's own rules and regulations have the force and effect of law, and an administrative agency must follow its own rules and regulations or face reversal of its action." *HB Fam. Ltd. P'ship v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2020 WY 98, ¶ 39, 468 P.3d 1081, 1093 (Wyo. 2020) (quoting *Wilson Advisory Comm. v. Bd. of Cnty. Comm'rs*, 2012 WY 163, ¶ 22, 292 P.3d 855, 862 (Wyo. 2012)).

[¶34] OAH has followed its regulation and has reimbursed employee retained medical expert witness fees consistently since the rule was originally adopted in 1993. *See* OAH Rules, ch. 5, § 3(a) (effective April 22, 1993; effective December 15, 1994; effective March 7, 1997; effective November 18, 2002; effective May 7, 2008; effective October 17, 2014; effective July 20, 2017, to April 24, 2024).

[¶35] For OAH to now claim that its interpretation and its rules are not in accordance with the law is disingenuous. If the legislature had disagreed with the OAH rules, it could have amended the Act to prohibit payment of an employee's expert fees. It has not done so.

15

## *CONCLUSION*

[¶36]  The purpose of the Wyoming Worker's Compensation Act is to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers.  To require the employee to bear the costs of an expert necessary to prove that an injury was causally related to his employment would undermine this purpose.  OAH has the authority to order reimbursement of an employee's reasonably incurred medical expert witness fees in contested cases.  OAH's conclusion to the contrary was not in accordance with the law.